JOURNAL ENTRY AND OPINION
Conrad Clayton appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of possession of drugs, specifically, phencyclidine (PCP). On appeal he assigns the following as error for our review:
 I. THE PROSECUTING ATTORNEY VIOLATED MR. CLAYTON'S CONSTITUTIONAL RIGHTS UNDER ARTICLE ONE SECTION 10 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN SHE ENGAGED IN IMPROPER ARGUMENT BY VOUCHING FOR HER WITNESS.
 II. THE PROSECUTING ATTORNEY VIOLATED MR. CLAYTON'S CONSTITUTIONAL RIGHTS UNDER ARTICLE ONE SECTION 10 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN SHE ENGAGED IN IMPROPER ARGUMENT BYINDICTING THE ENTIRE CITY OF EAST CLEVELAND AS A PLACE WHERE PEOPLE SELL AND POSSESS ILLEGAL DRUGS.
 III. THE PROSECUTING ATTORNEY VIOLATED MR. CLAYTON'S CONSTITUTIONAL RIGHTS UNDER ARTICLE ONE SECTION 10 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN SHE ENGAGED IN IMPROPER ARGUMENT BY ARGUING FACTS NOT PLACED IN EVIDENCE.
 IV. THE PROSECUTING ATTORNEY VIOLATED MR. CLAYTON'S CONSTITUTIONAL RIGHTS UNDER ARTICLE ONE SECTION 10 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION THROUGH THE COLLECTIVE EFFECT OF MISCONDUCT IN HER CLOSING ARGUMENT.
 V. MR. CLAYTON WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN HIS ATTORNEY FAILED TO OBJECT TO IMPROPER ARGUMENT OF THE PROSECUTION.
 VI. MR. CLAYTON WAS DENIED HIS CONSTITUTIONAL RIGHTS GUARANTEED BY ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL COURT DID NOT ALLOW A MATERIAL WITNESS TO TESTIFY FOR THE DEFENSE.
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court.
The record before us reveals on July 20, 2000, East Cleveland Police Officer Randy Hicks had been patrolling the area of Hayden and Bryn Mawr, when he observed Conrad Clayton flagging down a vehicle. Hicks testified at trial that drug trafficking often occurred in that area and flagging down vehicles is a common practice for drug dealers. He further testified he ordered Clayton to stop and, as he approached, Clayton turned his back towards Hicks and threw a vial into the grass. Hicks retrieved the vial and, based on its odor, believed the vial contained PCP. He then placed Clayton under arrest for possession of drugs. Hicks also detained the vehicle Clayton flagged down, but released the occupants.
Jeffrey Houser of the Ohio Bureau of Criminal Identification and Investigation testified that the vial contained PCP, based on his tests of its contents.
Clayton then testified on his own behalf and denied possession of the vial or any other drug. In fact, Clayton stated Officer Henry McCurdy retrieved a vial from the grass and not Hicks. Clayton's next witness, his girlfriend, failed to appear. The following day, Clayton attempted to call a surprise witness, Angelo Streeter, to testify. The court, however, did not allow the testimony and instead permitted a proffer for the record. Defense counsel proffered that Streeter would have testified he was a passenger in the rear seat of the car that was flagged down and that McCurdy retrieved the vial from the grass.
In rebuttal, McCurdy testified he arrived after Clayton had been placed in the police car and that Hicks had given McCurdy the vial of PCP. He stated unequivocally at no time did he recover drugs from the scene.
Following deliberations, the jury found Clayton guilty of possession of drugs and not guilty of possession of criminal tools. The court then sentenced him to a term of eleven months.
In his first four assignments, Clayton argues prosecutorial misconduct. First, he asserts the prosecutor vouched for Hicks' testimony. In this regard, the prosecutor stated in closing argument:
 MS. McGRATH: * * * He did not say that Officer Hicks is mistaken. He said he's an outright liar. And when you consider his testimony, I want you, if you would, please, to consider whether this is worth losing your job over and being possibly prosecuted for perjury. An allegation that a police officer is lying is an extremely serious allegation. * * * What this man wants you to believe is that this officer would file a false police report, that he would make —
* * *
 — that he would make the whole story up, file a false police report that was later relied on by detectives who testified in front of the Grand Jury, had this case indicted, pursued pretrials, that somehow he got me to go along with it then, to rely on this false report, and to pursue this. And then he got me also to go along with it and put him on the stand and get perjured testimony from him. * * *.
The court in State v. Apanovitch[1] stated that a prosecuting attorney's conduct during trial does not constitute a ground for error unless the conduct deprives the defendant of a fair trial. Additionally, in State v. Turner[2], the court advised:
 The trial court instructed the jury that opening statements and closing arguments were not evidence * * *. Such curative instructions amply protected the appellant's right to a fair trial.
Further, our review is guided by State v. Phillips[3]:
 The conduct of a prosecuting attorney during trial cannot be made a ground of error unless the conduct deprives defendant of a fair trial.
In Smith v. Phillips (1982), 455 U.S. 209, the court stated:
 [T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.
The effect of the prosecutor's alleged misconduct must be considered in light of the whole trial[4].
In this instance, although the defense objected during closing, it did not seek a curative instruction. Based on the preceding case authority and the evidence before the jury, we are not convinced Clayton had been denied a fair trial. Therefore, this assignment of error is overruled.
Next, Clayton argues the prosecutor violated his due process rights when she stated the City of East Cleveland is a place where drugs are sold. A review of the transcript reveals the prosecutor stated, during closing argument, people sell and possess drugs in the City of East Cleveland and in the prosecutor's opinion, this type of crime does not occur on the west side of Cleveland. While this court does not encourage such sweeping characterizations, we conclude Clayton's due process rights were not violated by these statements. Accordingly, the second assignment of error is overruled.
Clayton also argues his due process rights were overruled when the prosecutor stated "[h]e has ten convictions in the past ten years in this county alone." The crux of this argument is the prosecutor implied other convictions may exist in other counties.
On cross-examination, the prosecutor reviewed his convictions, case by case, and Clayton admitted he had ten previous convictions. Again, we find no error.
Clayton's fourth assignment of error, a culmination of the previous three assignments of error, is denied as moot.
In his fifth assignment of error, Clayton argues he was denied effective assistance of counsel because his counsel failed to object during the state's closing argument to the prosecutor's statement that the City of East Cleveland experiences high drug activity and her reference to Clayton's ten convictions.
In Strickland v. Washington[5], the court established a two-part test for consideration in addressing claims of ineffective assistance of counsel:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
In State v. Bradley[6], paragraph three of the syllabus, the court stated:
 In order to show prejudice, the defendant must demonstrate a reasonable probability exists that, absent counsel's error, the result of the trial would have been different.
We conclude the prosecutor's statements regarding the City of East Cleveland were simply that prosecutor's opinion. Even if Clayton's counsel had objected, the result of his trial would not have been different. Additionally, Clayton testified regarding his previous criminal history and admitted during cross-examination to ten prior convictions. Therefore, this assignment of error is overruled.
In his final assignment of error, Clayton alleges he was denied a fair trial when the court did not allow Angelo Streeter to testify for the defense.
Crim.R. 16(C)(1)(c) directs a defendant to provide the prosecution with a list of the names and addresses of the witnesses he intends to call at trial. Further, subsection (D) mandates a continuing duty to provide such information to the prosecution.
In this case, defense counsel did not provide the name of Angelo Streeter to the prosecution prior to trial. Rather, counsel stated Streeter had come to his attention after the trial had begun. Although the court did not allow his testimony, it did permit defense counsel to proffer Streeter's testimony on the record. Defense counsel proffered that Streeter would have testified he was a passenger in the rear seat of the red car Clayton flagged down. He would also testify the driver of the car seemed to be acquainted with Clayton and waved to him. Further, he would have testified Officer McCurdy, and not Officer Hicks, retrieved a vial of clear liquid.
We find no error in the court's refusal to allow Streeter's testimony and further find the proffered testimony would not have altered the outcome of the trial since Officer McCurdy testified on rebuttal that he did not retrieve the vial from the grass. Therefore, this assignment of error is overruled and the judgment of the court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] (1987), 33 Ohio St.3d 19, 514 N.E.2d 394.
[2] (1993), 91 Ohio App.3d 153, 631 N.E.2d 1117.
[3] (1995), 74 Ohio St.3d 72, 656 N.E.2d 643.
[4] State v. Maurer (1984), 15 Ohio St.3d 239,473 N.E.2d 768.
[5] (1984), 466 U.S. 668.
[6] (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.